JUSTIN BRECKINRIDGE, IN RE ESTATE.

**1.** CONSIDERATION OF MOTION TO REMOVE EXECUTOR NOT A SUMMARY AND EX PARTE PROCEEDING.

The consideration of a motion for the removal of an executor is not a summary and *ex parte* proceeding, but one in which the executor should be allowed an opportunity to show that the charges against him are without merit.

**2.** MOTION UNDER FAVOR OF LAN. R. L. 9556 (R. S. 6017) FOR REMOVAL OF EXECUTOR, CHARGING FRAUD, NOT SUSTAINED UNLESS FRAUD PROVED.

Under favor of Lan. R. L. 9556 (R. S. 6017), which provides for the removal of an executor if there are unsettled claims between him' and the estate, which in the opinion of the court may be the subject of litigation, or if any other reasonable cause exist, a motion for such removal which charges that an executor not only "refused to take possession of" certain notes and other personal property of the estate, but that he connived "to defraud said estate of said property," but which does not allege any conversion on his part, will be overruled, where it does not appear from the evidence that any fraud in fact existed.

ERROR to Lorain common pleas court.

**Leonard & Johnston,** for Jacob Breckinridge.

**C. A. Metcalf.** for W. B. Durand.

Breckinridge, In re Estate.

## HENRY, J.

This proceeding in error was begun by W. B. Durand, as executor of the will of Justin Breckinridge, to reverse the judgment of the Lorain county court of common pleas, removing said executor.

The litigation originated in the probate court of this county, where Jacob C. Breckinridge, son and residuary legatee of the deceased, filed a motion May 16, 1904, under favor of Lan. R. L. 9556 (R. S. 6017), for the executor's removal. The motion was overruled by the probate judge, but, on appeal to the common pleas court, it was granted, and a finding of facts and law was made, showing among other things, that Justin Breckinridge died, testate, August 12, 1874, leaving, besides the son aforesaid, two daughters, Eleanor S., wife of H. H. Hitchcock, and Hannah Durand, wife of the executor.

The executor's final account was filed January 24, 1879, and duly approved, but he has never been discharged.

The testator had been a man of considerable property; but shortly before his death he sold his farm to his daughter, Eleanor Hitchcock, for $10,000 taking back ten mortgage notes for $1,000 each, signed by her and her husband, and payable at intervals of one or two years from 1871 to 1883.

The original motion charged that the executor not only "refused to take possession of" these notes and other personal property of the estate, but that he confederated and connived with his brother-in-law, Hitchcock, and their wives, "to defraud said estate of said property."

These charges, it is claimed, suffice to bring the case within the purview of said Lan. R. L. 9556 (R. S. 6017), which provides:

"The probate court may at any time remove any executor for * * * that there are unsettled claims or demands existing between him and the estate, which in the opinion of the court may be the subject of controversy or litigation between him and the estate, or persons interested therein, or any other cause which in the opinion of the court renders it for the interest of the estate that such executor or administrator be removed."

In the hearing before the court below, the executor offered to show that the property in dispute had been fully disposed of by the decedent in his lifetime; but this evidence was excluded.

The executor also asked the court to find whether such disposition had in fact been made, but the court refused to make such finding.

The court, however, did find that, although there is no evidence of

44 O. C. C. Vol. 27

Lorain County.

any fraud by the executor, there are "unsettled claims and demands existing between said W. B. Durand and said estate, which, in the opinion of the court, may be, and probably will be, the subject of controversy and litigation between said W. B. Durand and said estate or persons interested therein."

It will be observed that the motion does not charge the executor with having converted to his own use any property of the estate. On the contrary it alleges that he failed to take possession of, and recover, the same, and that this was fraudulently done in connivance with other persons. But the court below expressly found that there was no evidence of any fraud by the executor. We fail to see therefore how the motion could be sustained. The gist of the only ground urged for the executor's removal is fraud, and no attempt was made to show fraud.

It is urged, however, that the statute under consideration is remedial in its nature and should be liberally construed so that upon the mere suggestion of fraud, or, at least upon the proof of facts showing, that there may arise a *bona fide* controversy or litigation, of the sort contemplated by the statute, the executor may be removed and deprived of his vantage ground, and the issue litigated before a court and jury as an adversary action, in the same manner as other civil actions, and subject to the same rules of evidence.

We cannot agree that the statute contemplates such an *ex parte* or summary proceeding for an executor's removal.

It must, at least, be made to appear that the claim made is on its face meritorious, and the executor should be permitted to show, if he can, that it is without merit. Any other construction would be harsh and oppressive.

We think the court below erred in excluding the evidence offered by the executor, and in concluding as a matter of law, upon the facts found, that there are unsettled claims and demands existing between said W. B. Durand and said estate, which may be the subject of controversy or litigation between said Durand and said estate or persons interested therein.

For these errors the judgment of the court of common pleas is reversed and the cause remanded for further proceedings.

**Marvin** and **Winch, JJ.,** concur.